Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Counsel for Plaintiff

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BROD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SIOUX HONEY ASSOCIATION, COOPERATIVE, an Iowa entity,<br><br>Defendant. | Case No. CV 12-1322 EMC<br><br>CLASS ACTION<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Judge: Hon. Edward M. Chen |

## NATURE OF THE ACTION

1. Plaintiff Gregory Brod ("Plaintiff"), by his undersigned counsel, alleges the following upon personal knowledge as to his own acts, and upon information and belief as to all other matters. Plaintiff's information and belief are based upon the investigation conducted by counsel.

2. Plaintiff brings this action both individually on his own behalf and as a class action against Defendant Sioux Honey Association, Cooperative ("Sue Bee" or "Defendant") on behalf of a Class of all persons who purchased Sue Bee Clover Honey ("Sue Bee Honey") from any store located in California at any time from January 1, 2010 through the present.

3. At all times relevant hereto, Defendant manufactured Sue Bee Honey, which was marketed to California consumers and sold in stores located in the State of California.

4. Effective January 1, 2010, the definition of honey in California was changed. According to its proponents, including the California State Beekeepers Association, the purpose of the proposed legislation was to:

> … protect the standard of identity of honey to protect honey consumers, honey packers, and honey products from false, deceptive, and misleading product labeling. AB 1216 seeks to provide a standard of identity of honey based on the Revised Codex Standard for composition and quality. Deceptively labeled and misbranded honey products or adulteration of honey with other sweeteners or compounds is a growing problem in the honey industry. Such products in the honey market adversely affect honey prices and present the consumer with a false product that is not real honey. AB 1216 standards attempt to clarify the definition of honey.[1]

5. In California, for a product to be sold as "honey" it must contain pollen unless the removal of such pollen was "unavoidable in the removal of foreign inorganic or organic matter." Cal. Food & Agric. Code § 29413(e).

6. Despite being marketed as "Clover Honey," and "U.S. Grade A Fancy White Pure Honey," the Sue Bee Honey does not meet applicable California standards for honey. Sue Bee Honey cannot be sold in the State of California as honey because its pollen is removed, and such

---

[1] Comments to A.B. 1216, 2009 Cal. Assem., 2009-2010 Reg. Sess. (Cal. 2009).

removal was not "unavoidable in the removal of foreign inorganic or organic matter." California Food and Agriculture Code section 29413(a), (e).

7. Accordingly, by selling to California consumers the Sue Bee Honey which did not comply with statutory standards in contravention of California Food and Agriculture Code section 29413(a), (e) and California Food and Agriculture Code section 29673, Defendant violated California's Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), violated its implied warranties, and, unjustly enriched itself to the detriment of both Plaintiff and members of the Class.

**THE PARTIES**

8. Plaintiff Gregory Brod is a resident of San Rafael, California, and a citizen of the State of California. Plaintiff purchased Sue Bee Honey at a Vons store located in California. Plaintiff read the "Clover Honey" representation printed in large bold font on the front of the Sue Bee Honey bottle and the "U.S. Grade A Fancy White Pure Honey" representation also printed on the front of the Sue Bee Honey bottle prior to purchasing his Sue Bee Honey. Had Plaintiff known the Sue Bee Honey did not comply with California standards, he would not have purchased the Sue Bee Honey.

9. Defendant Sue Bee is a cooperative association organized under the laws of the State of Iowa. Defendant's corporate headquarters is located at 301 Lewis Boulevard, Sioux City, Iowa 51101. Defendant advertises, distributes, markets and sells the Sue Bee Honey to thousands of consumers throughout California in contravention of California's law as set forth herein.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of different states than the Defendants. *See* 28 U.S.C. §1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. This Court has personal jurisdiction over Defendant because it is authorized to do business and to conduct business in California, it has specifically marketed and sold Sue Bee Honey

in California, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state through its promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible.

11. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this District and Defendant is subject to personal jurisdiction to the federal court in this District. Moreover, Defendant inhabits and/or may be found in this judicial district and the interstate trade and commerce described herein is and has been carried out in part within this judicial district.

## SUBSTANTIVE ALLEGATIONS

### Sue Bee "Clover Honey"

12. Defendant sells the Sue Bee Honey under the "Sue Bee" name.

13. Honey is one of the most popular condiments in the United States. People in the United States consume approximately 400 million pounds of honey per year. Sue Bee states on its website that it is responsible for the production of "around 40 million pounds of honey" per year. http://www.suebee.com/about.

14. Defendant markets the Sue Bee Honey as "honey," and as "pure honey" as prominently displayed on its label. However, as described herein, the Sue Bee Honey may not be sold as "honey" as defined by California Food and Agriculture Code section 29413(a), (e) because it has had its natural pollen unnecessarily removed.

### The Sue Bee Honey Cannot Be Sold in California

15. Pursuant to California Food and Agriculture Code section 29413(e), once pollen is removed from honey (except where unavoidable in the removal of foreign inorganic or organic matter) the condiment, under the California Food and Agriculture Code, is no longer salable in the state as "honey" or otherwise.

16. California Food and Agriculture Code states in relevant part:

(a) "Honey" means the natural sweet substance produced by honeybees . . .

* * *

> (e) . . . Honey shall not have begun to ferment or effervesce and *no pollen or constituent particular to honey may be removed* except where unavoidable in the removal of foreign inorganic or organic matter.

Cal. Food & Agric. Code § 29413(a), (e) (emphasis added).

17. Further, the California Food and Agriculture Code provides that

> It is unlawful for any person to mislabel any container or subcontainer of honey or place any false or misleading statement on any wrapper, label, or lining of any container of honey or on any placard which is used in connection with or which has reference to any honey.

Cal. Food & Agric. Code § 29673.

18. Moreover, "Mislabeled" means:

> the placing or presence of any false or misleading statement, design, or device upon, or in connection with, any container or lot of honey, or upon the label, lining, or wrapper of any such container . . . . A statement, design, or device is false and misleading, if the honey to which it apparently or actually refers does not conform in every respect to such statement.

Cal. Food & Agric. Code § 29416.

19. The State of California has specifically condemned and made illegal such mislabeling. Under California Food and Agriculture Code section 29701, entitled "Infraction; Second or subsequent violation as misdemeanor; Fine or imprisonment,"

> (a) Unless otherwise specified, a violation of this chapter is an infraction punishable by a fine of not more than five hundred dollars ($500).
>
> (b) A conviction of a second or subsequent violation of this chapter within any 12-month period is a misdemeanor punishable by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) or by imprisonment in the county jail for not more than six months, or by both the fine and imprisonment.

Cal. Food & Agric. Code § 29701.

20. Further, the California Food and Agriculture Code provides that

> It is unlawful for any person to prepare, pack, place, deliver for shipment, deliver for sale, load, ship, transport, or sell any honey, adulterated honey or any product which is marked, labeled, or designated as honey, in bulk or in any container or subcontainer which does not conform to the provisions of this chapter.

Cal. Food & Agric. Code § 29671.

**Defendant's Sale of Sue Bee Honey in California Is Unlawful**

21. Despite the strict requirements of the California Food and Agriculture Code, Defendant has sold the Sue Bee Honey as "honey" when, in fact, pollen has been removed from Sue Bee Honey, which removal is not unavoidable in the removal of foreign inorganic or organic matter.

22. Sue Bee has admitted to the removal of all of Sue Bee Honey's natural pollen on its website:

> *Sue Bee Honey is filtered to remove all pollen* to lessen its chances of granulation (sugaring). . . . Pollen adds to the nutritional value of honey.

http://www.suebee.com/honey/faq (emphasis added). Further, the Sue Bee website makes clear that such removal of pollen was not necessary for the removal of foreign matter from the honey, rather, it is removed "to lessen its chances of granulation (sugaring)". In fact, Sue Bee does offer other honey varieties which have not had all of their pollen removed, demonstrating that it is able to do so.

23. Therefore, it is clear that the Sue Bee Honey's pollen has been unnecessarily removed, and therefore cannot be sold in the State of California as "honey" as defined by the California Food and Agriculture Code.

**Defendant's Sale of its Sue Bee Clover Honey Has Damaged Plaintiff and Class Members**

24. At all times relevant hereto, Defendant has sold Sue Bee Clover Honey through stores located throughout California.

25. Had Plaintiff and members of the Class known the Sue Bee Clover Honey could not be sold within the State of California as "honey" or otherwise, or that the Sue Bee Clover Honey did not comply with California standards, Plaintiff and members of the Class would not have purchased the Sue Bee Honey.

26. As a result of Defendant's misconduct, Plaintiff and Class members suffered economic losses.

**CLASS ACTION ALLEGATIONS**

27. Plaintiff brings this action on behalf of himself and others similarly situated, as

members of a class he preliminarily proposes be defined as follows:

> All persons who purchased Sue Bee Honey from any stores located in California at any time from January 1, 2010 through the present.

Excluded from the proposed class are Defendant; any entity in which Defendant has or had a controlling interest; any of Defendant's officers, directors, legal representatives, heirs, successors, and assigns; Plaintiff's counsel and anyone employed by Plaintiff's counsel; any Judge assigned to this action and his or her immediate family; and anyone who timely requests exclusion from the class.

28. Members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are thousands of members of the Class.

29. There are questions of law and fact common to all the members of the Class that predominate over any questions affecting only individual members, including:

a. Whether Defendant's Sue Bee Honey's pollen was not "unavoidably" removed "in the removal of foreign inorganic or organic matter";

b. Whether the sale of Sue Bee Honey as "honey" or otherwise violated the California Food and Agriculture Code;

c. Whether Defendant's conduct violated the CLRA;

d. Whether Defendant's conduct violated the UCL;

e. Whether the sale of Sue Bee Honey violated the implied warranties of merchantability; and

f. Whether as a result of Defendant's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief.

30. The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to the Plaintiff.

31. Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in complex class action litigation.

32. A class action is superior to all other available methods for this controversy because:

a. the prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

b. the prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant;

c. Defendant acted or refused to act on grounds generally applicable to the Class; and

d. questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Plaintiff does not anticipate any difficulty in the management of this litigation.

**COUNT I**

**(By Plaintiff, Individually and on Behalf of All Class Members, for Violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.)**

34. Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

35. At all times relevant herein, the CLRA was in effect. The CLRA prohibits “unfair or deceptive acts or practices.” Plaintiff bases this count on Defendant’s sale of the mislabeled Sue Bee Honey in contravention of California law and on Defendant’s misrepresentation of material facts.

36. The “Sue Bee Honey” is a “good” under California Civil Code section 1761(a).

37. Plaintiff and Class members are “consumers” under California Civil Code section

1761(d).

38. The CLRA applies to Defendant's conduct because such conduct was intended to result, and did result, in the sale of goods for personal, family, or household use.

39. The CLRA prohibits representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have; representing that goods or services are of a particular standard, quality, or grade, if they are of another; and advertising goods with intent not to sell them as advertised.

40. At all times relevant, Defendant has misrepresented the quality, characteristics, and/or ingredients of the Sue Bee Honey, and advertised the Sue Bee Honey with intent not to sell it as advertised.

41. In particular, Defendant marketed for sale in California the Sue Bee Honey as "honey" when it could not be sold as "honey" as defined by the California Food and Agriculture Code or otherwise.

42. Had Plaintiff and members of the Class known the Sue Bee Honey could not be sold within the State of California as "honey" (or otherwise) or that the Sue Bee Honey did not conform to California standards, Plaintiff and members of the Class would not have purchased the Sue Bee Honey.

43. By reason of the foregoing, Plaintiff and the Class have been irreparably harmed, entitling them to injunctive relief, disgorgement and restitution. As a result of Defendant's misconduct, which is continuing and ongoing, Plaintiff and Class members have also suffered economic losses.

44. Pursuant to Cal. Civ. Code § 1782, Plaintiff notified Defendant in writing of the particular violations of § 1770 of the CLRA and demanded Defendant rectify the actions described above by providing monetary relief, agree to be bound by its legal obligations and to give notice to all affected customers of its intent to do so. Plaintiff sent this notice by certified mail, return receipt requested, to defendant through its counsel on March 23, 2012. Defendant has failed to adequately respond to Plaintiff's demand within 30 days of the letter pursuant to §1782 of the CLRA. Accordingly, Plaintiff seeks compensatory and exemplary damages, costs, attorneys' fees and any

other relief which the Court deems proper.

**COUNT II**

**(By Plaintiff, Individually and on Behalf of All Class Members for Violations of Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

45. Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

46. Defendant's practices as alleged in this Complaint constitute unlawful and unfair business acts and practices under the UCL. Cal. Bus. & Prof. Code §§ 17200 *et seq*.

47. The UCL prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

48. Under the unlawful prong of the UCL, a violation of another law is treated as unfair competition that is independently actionable.

49. Defendant violated the UCL by, among other things, marketing, labeling and selling Sue Bee Honey in violation of California law. The acts, omissions, practices and nondisclosures alleged herein constitute "unfair" business acts and practices within the meaning of the UCL in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct, if any, is outweighed by any alleged benefits attributable to such conduct.

50. Furthermore, members of the California public are likely to be deceived by Defendants' marketing of the Sue Bee Honey because Sue Bee Honey, pursuant to California law, cannot be marketed or sold as "honey".

51. Defendant also committed unlawful acts because it violated the California Food and Agriculture Code as alleged above, including without limitation, marketing, selling and distributing Sue Bee Honey as "honey" even though the product's pollen was removed unnecessarily, in violation of Cal. Food & Agric. Code § 29413(a), (e), and illegally misbranding the Sue Bee Honey as "honey" in violation of California Health and Safety Code section 110765.

52. In addition, Defendant committed unlawful practices because it violated the CLRA.

53. Plaintiff and Class members have suffered injury in fact and have lost money and property as a result of Defendant's unlawful, fraudulent and unfair practices.

**COUNT IV**

**(Alternatively, by Plaintiff, Individually and on Behalf of All Class Members for Breach of Implied Contract Under California Law)**

54. Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

55. This Count is brought against Defendant pursuant to California's common law doctrine of breach of implied contract.

56. At all times relevant hereto, Defendant marketed and sold the Sue Bee Honey as "honey" when it was not legally entitled to sell its product as "honey," or otherwise in the State of California.

57. Plaintiff and other similarly situated Class members conferred upon Defendant benefits that were non-gratuitous and constitute profits.

58. Defendant accepted or retained the benefits conferred by Plaintiff and other similarly situated Class members despite Defendant's knowledge of its material misrepresentations and omissions of material fact.

59. Retaining the benefits conferred upon Defendant by Plaintiff and other similarly situated Class members under these circumstances make Defendant's retention of the benefits unjust and inequitable.

60. Because Defendant's retention of the benefits conferred by Plaintiff and other similarly situated Class members is unjust and inequitable, Defendant must pay restitution in a manner established by the Court.

**COUNT V**

**(Alternatively, by Plaintiff, Individually and on Behalf of All Class Members for Breach of the Implied Warranty**

61. Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

62. California Commercial Code §2314 provides that unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

63. Defendant advertised, distributed, marketed and sold the Sue Bee Honey and created implied warranties that the "honey" was fit for ordinary use by consumers, was of accepted standards, and would pass ordinarily and without objection in the trade for such goods. Defendant violated its implied warranties in that the Sue Bee Honey was not merchantable in the State of California, does not comply with the ordinary standards for such goods, and is not of the accepted standards of quality of such goods – in that its pollen was unnecessarily removed, which removal was not unavoidable in the removal of foreign inorganic or organic matter, and is in contravention of the explicit statutory standards for honey in the State of California.

64. The Sue Bee Honey is a "good," as defined by California's Commercial Code governing the implied warranty of merchantability

65. As a manufacturer, marketer, distributor and seller of honey, Defendant is a "merchant" within the meaning of California's Commercial Code governing the implied warranty of merchantability.

66. At the time that Defendant marketed, sold and/or distributed the Sue Bee Honey, Defendant knew the purpose for which the Sue Bee Honey was intended and impliedly warranted that the Sue Bee Honey was of merchantable quality; and was fit for its ordinary purpose – as "honey."

67. Defendant brought itself into privity with Plaintiff and members of the Class by warranting the Sue Bee Honey to them directly and/or through the agency doctrine. Defendant sells the Sue Bee Honey through its associated retailer agents. To the extent direct privity may be required, honey is a foodstuff intended for human consumption and falls within the foodstuffs exception to the privity rule.

68. Defendant breached its implied warranties in connection with its sale of Sue Bee Honey to Plaintiff and members of the Class. The Sue Bee Honey was not fit for its ordinary purpose and intended consumption as a "honey," and was not fit for reasonably foreseeable usage, such as the Sue Bee Honey cannot be labeled and sold in California as "honey."

69. Because Defendant admits that it removes the natural pollen in its Sue Bee Honey, it had actual knowledge that the labeling and marketing of Sue Bee Honey as "honey" is unlawful;

the Sue Bee Honey is not fit for its ordinary purpose; and thus Plaintiff was not required to notify Defendant of its breach. If notice is required, Plaintiff and the Class have adequately provided Defendant of such notice through the filing of this lawsuit.

70. As a direct and proximate result of Defendant's breach of implied warranties, Plaintiff and other members of the Class have been injured and have suffered damages, including, but not limited to, the value of the Sue Bee Honey had it been fit for its ordinary purposes.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court:

a. Certify the proposed class, or an alternative class that the Court may find appropriate under Rule 23 of the Federal Rules of Civil Procedure, directing that Plaintiff's claims proceed on a class-wide basis, and appointing Plaintiff and his counsel to represent the class;

b. Issue a permanent injunction or other appropriate equitable relief, which would require Defendant to refrain from marketing its Sue Bee Honey to consumers in the State of California;

c. Order Defendant to pay Plaintiff and other members of the Class an amount of actual and statutory damages, restitution and punitive damages in an amount to be determined at trial;

d. Issue an order granting Plaintiff reasonable costs and attorneys' fees; and

e. Grant such other relief as may be just and proper.

DATED: April 23, 2012

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

By: s/ Laurence D. King

Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Robert I. Lax, Esq.
Lax LLP
380 Lexington Avenue, 31st Floor
New York, New York 10168
Telephone: (212) 818-9150
Facsimile: (212) 818-1266
rlax@lax-law.com

Jon Herskowitz, Esq.
Baron & Herskowitz
9100 S. Dadeland Blvd.
Ph-1 Suite 1704
Miami, Fl. 33156
Telephone: (305) 670-0101
Facsimile: (305) 670-2393
jon@bhfloridalaw.com

Counsel for Plaintiff

**ATTESTATION**

I, Laurence D. King, the ECF User whose identification and password are being used to electronically file this document hereby attest, in compliance with General Order 45.X.B, that all signatories to this document have concurred in this filing.

DATED: April 23, 2012

s/ Laurence D. King
Laurence D. King

**PROOF OF SERVICE**

I, Mario M. Choi, declare that I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Kaplan Fox & Kilsheimer LLP, 350 Sansome Street, Suite 400, San Francisco, California 94104.

On April 23, 2012, I used the Northern District of California's Electronic Case Filing System, with the ECF registered to Laurence D. King to file the following document:

**FIRST AMENDED COMPLAINT**

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service. The parties served by e-mail in this case are found on the Court's Electronic Mail Notice List. The following are those who are currently on the list to receive e-mail notices for this case.

David Ian Dalby
ddalby@hinshawlaw.com, walnutlaw9@aol.com

Jon Michael Herskowitz
jon@herskowitzlaw.com

Laurence D. King
lking@kaplanfox.com, kweiland@kaplanfox.com

Linda M. Fong
lfong@kaplanfox.com, kweiland@kaplanfox.com

Robert Ian Lax
rlax@lax-law.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 23rd day of April, 2012 at San Francisco, California.

/s/Mario M. Choi
Mario M. Choi