# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: HONEY PRODUCTION MARKETING
AND SALES PRACTICES LITIGATION                MDL No. 2374

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Southern District of Florida action moves to centralize this litigation in the Central District of California. This litigation currently consists of eight actions,[1] as listed in Schedule A, pending in three districts: one in the Central District of California, two in the Northern District of California, and five in the Southern District of Florida. The Panel has been notified of four additional, potentially related actions.

Other than the movant, only defendants Target Corporation and HoneyTree Inc. support centralization, albeit in the Southern District of Florida. All other responding parties oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although the actions share some common factual questions regarding the filtration of pollen from honey products, these questions do not appear sufficiently complex or numerous to justify Section 1407 transfer at this time. In contrast, the differences among the actions are both significant and numerous. The actions involve different defendants, marketing different honey products, and involve different state regulations subject to different legal challenges by the defendants. Plaintiffs have not alleged any conspiracy, collaboration, or other industry-wide conduct by the defendants that would justify centralizing actions naming different honey retailers and producers as defendants. Available alternatives to centralization may minimize whatever possibilities exist of duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly and Co., (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The Section 1407 motion was originally filed by the plaintiff in an action pending in the Central District of California. That action was subsequently remanded and the Section 1407 motion amended to substitute another plaintiff as the movant.

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the action listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Charles R. Breyer | |

**IN RE: HONEY PRODUCTION MARKETING
AND SALES PRACTICES LITIGATION**                              MDL No. 2374

## SCHEDULE A

<u>Central District of California</u>

Bertha Cardona v. Target Corporation, et al., C.A. No. 2:12-01148

<u>Northern District of California</u>

Gregory Brod v. Sioux Honey Association, Cooperative, C.A. No. 3:12-01322
Soraya Ross v. Sioux Honey Association, Cooperative, C.A. No. 3:12-01645

<u>Southern District of Florida</u>

Sheri Bowers v. Sioux Honey Association, Cooperative, C.A. No. 1:12-21034
Reyna Guerrero v. Target Corporation, C.A. No. 1:12-21115
Belen Paugh v. Walgreen Company, C.A. No. 1:12-21229
Elaine Levy, et al. v. Wal-Mart Stores, Inc., C.A. No. 1:12-21607
David Goldblatt v. Sioux Honey Association, Cooperative, C.A. No. 9:12-80362